INHABITANTS OF NEWCASTLE, petitioners for *Certiorari*,

*vs.*

COUNTY COMMISSIONERS OF LINCOLN COUNTY.

Lincoln.   Opinion February 15, 1895.

</div>

*Way. County Commissioners. Defective Petition. Amendment. R. S., c. 18, § 19*.

A petition to county commissioners, asking them to reverse the decision of municipal officers of a town refusing to locate or alter a town way, must state clearly and directly every fact necessary to give the commissioners jurisdiction.

A petition *was held* defective for the following reasons :

(1.) It failed to show that the petitioners were parties who have a right to complain of the refusal of the selectmen.

(2.) It did not state that the petitioners were land owners or inhabitants of the town in which the way was located, or that any of them signed the petition to the selectmen asking for the proposed alteration.

(3.) The prayer of the petition did not ask for the proposed alteration, but simply asked the commissioners to take such action as the law required.

(4.) It did not show when the petition was presented to the selectmen, or that their refusal to make the alteration was within a year.

(5.) It did not correctly describe the alteration which the selectmen were asked to make.

Upon a petition for *certiorari* to quash the proceedings taken by the county commissioners under such a defective petition, the commissioners in their answer replied that they permitted the two last named errors to be corrected.

*Held;* that the commissioners did not have the right to amend a petition, signed by others, after it had been acted upon by them, and thus confer a jurisdiction upon themselves which they did not possess when the petition was presented.

ON REPORT.

This was a petition for *certiorari.* The parties agreed to report the case upon the petition and answer to the law court for such order thereon as the legal rights of the parties might require.

The case is stated in the opinion.

*W. H. Hilton and G. B. Sawyer,* for petitioners.

*T. P. Pierce and H. E. Hall,* for respondents.

Counsel cited : *Frankfort* v. *Co. Com.* 40 Maine, 391 ; *Bath Bridge* v. *Magoun,* 8 Maine, 293 ; *Lewiston* v. *Co. Com.* 30 Maine, 19 ; *Levant* v. *Co. Com.* 67 Maine, 429 ; *Farmington River Co.* v. *Co. Com.* 112 Mass. 212 ; *Lees* v. *Childs,* 17 Mass. 351 ; *Emery* v. *Brann,* 67 Maine, 39 ; *Mendon* v. *Co. Com.* 5 Allen, 13 ; *Lisbon* v. *Merrill,* 12 Maine, 210 ; *Pike* v. *Herriman,* 39 Maine, 52 ; *Tewksbury* v. *Co. Com.* 117 Mass. 565 ; *Rutland* v. *Co. Com.* 20 Pick. 71 ; *R. R. Co.* v. *R. R. Com.* 118 Mass. 564 ; *Great Barrington* v. *Co. Com.* 112 Mass. 218 ; *Hewett* v. *Co. Com.* 85 Maine, 308 ; *People* v. *Van Alstyne,* 32 Barb. 131 ; *Derry Overseers* v. *Brown,* 13 Penn. St. 386.

SITTING : PETERS, C. J., WALTON, EMERY, HASKELL, WHITEHOUSE, WISWELL, JJ.

WALTON, J. It appears that the county commissioners for the county of Lincoln undertook to alter one of the town ways in the town of Newcastle, and the process now before the court is a petition for a writ of *certiorari* to quash their proceedings.

We think the writ prayed for must be granted. The petition to the county commissioners was too defective in its statements to give them jurisdiction. It is settled law that a petition to county commissioners, asking them to reverse the decision of the municipal officers of a town refusing to locate or alter a

town way, must state clearly and directly every fact necessary to give the commissioners jurisdiction. *Goodwin* v. *Co. Com.* 60 Maine, 328; *Brown* v. *Co. Com.* 68 Maine, 537.

The petition to the county commissioners in the case now under consideration fails to state many of the facts essential to give them jurisdiction. Among other omissions, it fails to show that the petitioners are parties who have a right to complain of the refusal of the selectmen.

No one has a right to appeal from the refusal of the municipal officers of a town to alter a town way unless he is one of the petitioners who asked for the alteration. No one else can rightfully claim to have been aggrieved by the refusal. If A petitions for an alteration, and it is refused, B can not legally apply to the county commissioners for a reversal of the decision. In contemplation of law no one but A can be aggrieved by the refusal. The court so held in the case last cited, *Brown* v. *Co. Com.* 68 Maine, 537.

Again, no one but an inhabitant of the town, or an owner of land therein, has a right to ask for such an alteration, and, of course, no one but such inhabitant or owner can rightfully become an appellant from the refusal of the selectmen to make the alteration. R. S., c. 18, § 19.

The petition to the county commissioners, in the case now before us, is defective in not stating that the petitioners are inhabitants of the town of Newcastle, or that they are owners of land therein, or that they, or some one of them, was a signer of the petition to the selectmen asking for the proposed alteration. Confessedly, many of them were not inhabitants of Newcastle, and, so far as appears, no one of them was an owner of land therein or a signer of the petition to the selectmen asking for the alteration of the road.

And the prayer of the petition to the county commissioners is peculiar. They were not asked to make the proposed alteration. They were simply asked to take such action as the law required. The county commissioners ought to have known that, upon a petition so defective, the only action which the law required or would permit was a rejection or dismissal of it.

Other defects existed in the petition when it was presented to the county commissioners. It did not show when the petition to the selectmen asking for an alteration of the road was presented to them, or that it was within a year, or that the refusal of the selectmen to make the alteration was within a year. This was held to be a fatal omission in *Bethel* v. *Co. Com.* 42 Maine, 478. And it appears that it did not correctly describe the alteration which the selectmen were asked to make. But the county commissioners, in their answer to this petition for a writ of *certiorari*, say that before making their report they permitted these two errors to be corrected. In other words, that, after having taken jurisdiction and acted upon the petition, they allowed it to be altered in two essential particulars. It has been held that such an alteration makes a new petition of the instrument, and exonerates such of the signers as do not consent to the alteration from all liability for costs. *Jewett* v. *Hodgdon*, 3 Maine, 103. We do not doubt the authority of county commissioners to amend the record of their own doings. Nor do we doubt that such an amendment, when made, is conclusive, and that oral evidence is inadmissible to impeach or contradict the record so amended. *Levant* v. *Co. Com.* 67 Maine, 429. But they have no right to amend a petition, signed by others, after it has been acted upon by them, and thus confer upon themselves a jurisdiction which they did not possess when the petition was presented. It is perfectly well settled that, in a case like the one now under consideration, the original petition, when presented, must contain such a statement of facts as will give the county commissioners jurisdiction, or they will have no right to accept it, or to take any action upon it whatever. The cases already cited fully support this proposition. In the present case, the petition, when presented to the county commissioners, did not contain such a statement. It was then defective in many particulars. It is still defective in several particulars. The county commissioners had no authority to accept and act upon such a petition, and it is the right of the town of Newcastle to have their proceedings quashed.

*Writ to issue, as prayed for.*